Beth Ross, SBN 141337
Jennifer Keating, SBN 250857
Amy Endo, SBN 272998
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile:  (510) 272-0174
Email: bross@leonardcarder.com
Email: jkeating@leonardcarder.com
Email: aendo@leonardcarder.com

*Attorneys for PLAINTIFFS*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON CARTER, JUAN ESTRADA, JERRY GREEN, BURL MALMGREN, BILL McDONALD, and JOEL MORALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XPO LAST MILE, INC. and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO.  16-CV-01231-WHO<br><br>**FIRST AMENDED COMPLAINT**<br>**(1) FAILURE TO PAY FLSA OVERTIME (29 U.S.C §§ 201 *et seq.*);**<br>**(2) FAILURE TO PAY FLSA MINIMUM WAGE (29 U.S.C. § 206);**<br>**(3) FAILURE TO PAY Calif. MINIMUM WAGE (Labor Code §§ 1182.11, 1194; IWC Wage Order 9);**<br>**(4) FAILURE TO PAY Calif. OVERTIME (Labor Code §§ 510, 1194; IWC Wage Order 9);**<br>**(5) REIMBURSEMENT OF EMPLOYMENT EXPENSES (Labor Code § 2802);**<br>**(6) UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code §§ 221, 223; Wage Order 9);**<br>**(7) FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512; Wage Order 9);**<br>**(8) FAILURE TO AUTHORIZE AND PERMIT REST PERIODS (Labor Code § 226.7; Wage Order 9)**<br>**(9) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §§ 226, 226.3; Wage Order 9);**<br>**(10) WAITING TIME PENALTIES (Labor Code §§ 201-203); and**<br>**(11) VIOLATIONS OF Calif. UCL (Buss. & Professions Code §§ 17200 *et seq.*)**<br>**(12) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code §§ 2698, *et seq.*)** |

1.     Plaintiffs allege as follows:

## I.     <u>JURISDICTION</u>

2.     This Court has original jurisdiction over Plaintiffs' First and Second Claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 207.

3.     This Court has supplemental jurisdiction over Plaintiffs' Third through Twelfth Claims pursuant to 28 U.S.C. § 1367(a).

## II.     <u>VENUE AND INTRADISTRICT ASSIGNMENT</u>

4.     Because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District, and a substantial number of the members of the class alleged herein provided delivery services for Defendant within this District and within the Division and Courthouse in which this action has been commenced, venue is proper in this District pursuant to 28 U.S.C. § 1391(b), and assignment to the San Francisco or Oakland Division is proper pursuant to Local Rule 3-2(d).

## III.     <u>INTRODUCTION</u>

5.     This is an action for relief from Defendant XPO Last Mile, Inc.'s ("XPO") unlawful misclassification of former and current XPO delivery driver employees as "independent contractors."  Defendant XPO provides delivery services to retail merchants like Home Depot, Lowe's Home Improvement, Macy's, Ethan Allen, Pottery Barn, and Kraftmaid.  These companies contract with XPO to provide the service of delivery and basic installation of newly purchased appliances and other merchandise, and removal of old appliances from their customers' homes.  Defendant XPO utilizes Plaintiffs and similarly situated class members ("Delivery Drivers") to pick up the merchandise at the merchants' stores or warehouses and to deliver and install them at the customers' homes.  Defendant also utilizes the Delivery Drivers to haul away old appliances from the customers' homes for disposal.

6.     By misclassifying the Delivery Drivers as "independent contractors," Defendant has sought to avoid various duties and obligations owed to employees under the federal Fair Labor Standards Act ("FLSA"), the California Labor Code, the California Minimum Wage Order, and the California Industrial Welfare Commission ("IWC") wage orders, including: the duty to pay

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

minimum wage and overtime compensation as required by the FLSA (29 U.S.C. § 201 *et seq.*); the duty to indemnify employees for all necessary expenses and losses incurred in connection with their employment (Cal. Labor Code § 2802; IWC wage order No. 9, §§8-9); the duty not to make illegal deductions from wages (Cal. Labor Code §§ 221, 223, 400 *et seq.*; IWC wage order No. 9, §11); the duty not to coerce an employee to patronize someone in the purchase of any things of value (Cal. Labor Code § 450); the duty to pay California minimum wages and overtime premium pay, and to document employees' actual hours worked (Cal. Labor Code §§ 226, 510, 512, 1194, 1182.11, 1194, 1197; IWC wage order No. 9, §§ 3,4,7; Minimum Wage Order); the duty to provide meal periods and to authorize and permit rest periods (Cal. Labor Code §§ 510, 226.7; IWC wage order No. 9, §§ 11, 12); the duty to promptly pay all wages due and owing upon termination (Cal. Labor Code § 201, 203); the duty to pay wages twice during a calendar month at statutorily-prescribed times (Cal. Labor Code § 204); the duty to maintain workers' compensation insurance covering all employees and to pay compensation to injured workers (Cal. Labor Code §§ 3700 *et seq.*); the duty to contribute to the Unemployment Trust Fund on behalf of all employees (Cal. Unemployment Insurance Code § 976); and other legal obligations.

7.      An employer, like Defendant, may not lawfully avoid these legal obligations by labeling workers "independent contractors," who, by their terms and conditions of engagement, are employees. XPO exercises pervasive control over its delivery business operation and has retained the right to control the manner and means of the Delivery Drivers' work, such that they are in fact XPO's employees under the FLSA and California law, as described more fully *infra*.

8.      Because Defendant has willfully deprived Plaintiffs and similarly situated delivery drivers of the rights and protections guaranteed by the FLSA and California law to all employees, as described above, Defendant's classification of the Delivery Drivers as "independent contractors" and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unfair and/or unlawful business practice by Defendant.

9.      Plaintiffs bring claims for payment of minimum wage, overtime, liquidated damages, and attorneys' fees and costs under the FLSA.  Due to the three year statute of limitations governing their FLSA claims, Plaintiffs seek damages that have accrued or will accrue at any time

from three years prior to the filing of this Complaint through the date of final judgment.

Plaintiffs also bring claims under California law for unpaid minimum wage and overtime

compensation, reimbursement of business expenses and losses, reimbursement of deductions

wrongfully taken from wages, reimbursement of coerced purchases, meal period pay, rest period

pay, injunctive relief, restitution, disgorgement, statutory penalties, liquidated damages, interest,

and attorneys' fees and costs.  Due to the four year statute of limitations for applicable claims

under the California Business and Professions Code § 17200 *et seq.*, Plaintiffs' seek damages

resulting from Defendant's California wage and hour violations (Claims 3-11) that have accrued or

will accrue at any time from four years prior to the filing of this Complaint through the date of final

judgment.  Plaintiffs also seek civil penalties, attorneys' fees, and costs under the Private Attorneys

General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq.*, on behalf of themselves and all

similarly situated misclassified Delivery Drivers formerly and currently employed by XPO, that

have accrued or will accrue from May 27, 2015 (the effective date of settlement in *Cesar Ardón, et

al., v. 3PD, Inc.,* Case No. 13-cv-1758-DTB in the U.S. District Court, Central District of

California) and continuing.

## IV.   PARTIES

### A.   PLAINTIFFS

10.   Plaintiffs Ron Carter, Juan Estrada, Jerry Green, Burl Malmgren, Bill McDonald,

Joel Morales are residents of Los Angeles, Stanislaus, Alameda, Butte, and Monterey Counties in

the State of California.  Plaintiffs were employed by Defendant for all relevant times as Delivery

Drivers throughout California. Together, they sue on behalf of themselves and as representatives of

all similarly situated Delivery Drivers in the class defined below.

### B.   DEFENDANTS

11.   Defendant XPO is a California corporation that provides delivery services to retail

merchants in California. Plaintiffs are informed and believe, and on that basis allege, that XPO

acquired 3PD, Inc. ("3PD") in or around August 2013.  XPO is and at all relevant times has been

an employer covered by the FLSA, the California Labor Code, the California Minimum Wage

Order, and IWC wage order No. 9.

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names.  Plaintiffs are informed and believe, and on that basis allege, that each of the defendants designated herein as a Doe is legally responsible for the unlawful acts referred to herein.  Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as Does when such identities become known.  Defendant and the Doe defendants are referred to herein collectively as "Defendant" and/or "XPO."

## V.     STATEMENT OF FACTS

13.     XPO hired the Delivery Drivers to deliver, install, and pickup merchandise at the homes of its client's customers throughout California.

14.     The Delivery Drivers provide "last mile" delivery, installation, and haul away services.  These services are integral and essential to XPO's core business.

15.     "Delivery Service Agreements" ("Agreement") between 3PD/XPO and each of the Delivery Drivers, which state that the Delivery Drivers are independent contractors, are contracts of adhesion that are drafted exclusively by Defendant and/or on its behalf by its agents.  The terms of the Agreement are non-negotiable.  Through this agreement, XPO reserves and actually exercises the right to control the manner and means by which the Delivery Drivers perform their duties for XPO.

16.     XPO reserves the right to determine the locations where the Delivery Drivers pick up and drop off the merchandise assigned to them; the time of day when they must report to work; and the order and timing of their deliveries. XPO provides each Delivery Driver a daily manifest of work assignments that includes the delivery address, the "service window" time when the delivery must be made, and whether the Delivery Driver is required to call the customer 30 minutes ahead of arrival to give notice of when he will make the delivery.  The Delivery Drivers must complete all of the work assigned to them and are not allowed to refuse assignments.

17.     XPO reserves the right to control the Delivery Drivers' physical appearance, including requiring them to wear XPO uniforms.

- 4 -

18.    XPO reserves the right to require the Delivery Drivers to know and follow XPO's customer service standards in performing their work, and conduct surveys to determine whether customers are satisfied with the Delivery Drivers' work.

19.    XPO reserves the right to require the Delivery Drivers to follow certain work methods related to, for example, how to move and install the appliances and how to interact with customers.

20.    XPO reserves the right to determine the year, branding, and other specifications of the vehicles that the Delivery Drivers use to perform their work.

21.    XPO reserves the right to prescribe how the Delivery Drivers document their work and require the Delivery Drivers to contact XPO upon arrival at each stop and then again after the delivery is completed.  XPO also reserves the right to require the Delivery Drivers to call each customer 30 minutes before making the delivery to let the customers know they are on their way.

22.    XPO employs a variety of managerial and supervisory employees who instruct the Delivery Drivers on their job performance and their delivery assignments.  The Delivery Drivers interact with XPO's personnel on a daily basis.  XPO's managerial and supervisory employees also hold regular in-person and/or telephonic meetings where the Delivery Drivers' attendance is mandatory.

23.    The Delivery Drivers are paid each week by XPO a flat amount for each delivery, or for each day or week of work, in amounts that are unilaterally determined by XPO.  XPO makes deductions from the Delivery Drivers' pay for reasons including customer complaints, late deliveries, and damaged items and property.  XPO requires Delivery Drivers to pay for payroll administration services from Select Services, Inc. and deducts money from Delivery Drivers' weekly pay for these services.

24.    XPO reserves the right to require the Delivery Drivers to purchase multiple forms of insurance coverage in amounts determined by XPO through insurance plans specified and sometimes negotiated by XPO, and to name XPO and its clients as additional "insureds."

25.    XPO reserves the right to require the Delivery Drivers to purchase or rent from XPO's clients, certain tools and equipment.

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

26.     XPO reserves the right to require the Delivery Drivers to engage helpers to deliver the assigned merchandise.  XPO prohibits the Delivery Drivers from working with helpers who have not been screened, qualified, and approved in advance by XPO.  Defendant expects helpers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by XPO, including attendance at meetings held by XPO management.

27.     XPO permits Delivery Drivers to engage assistant drivers at their own expense who have been screened, qualified, and approved by XPO.  Delivery Drivers may engage such assistant drivers so that they are able to take a day off from work, such as for example when they are unable to come to work due to illness or so that they may have a day of rest.  XPO expects assistant and replacement drivers to follow the same work methods and standards it requires the Delivery Drivers to follow and to comply with all other requirements communicated by XPO, including following instructions given by XPO managers and attending mandatory meetings.

28.     The Delivery Drivers are economically dependent for their financial livelihood on XPO, and XPO is entirely dependent on the Delivery Drivers for the retail merchandise delivery service provided by XPO to its clients.

29.     The Delivery Drivers are terminable at will.  They may be terminated upon fifteen or thirty days written notice without cause or immediately for alleged breaches of the broadly-worded standards and obligations described in the Agreement.

30.     The Agreements typically remain in effect for one year and are automatically renewed at the end of that period for another one-year term, unless either party gives notice of termination.  Most of the Delivery Drivers have worked, or did work, for XPO for several years.

31.     Despite XPO's pervasive control over all aspects of its delivery service operation, including the details of the Delivery Drivers' work, Defendant has classified and treated the Delivery Drivers as "independent contractors."

32.     XPO's classification and treatment of the Delivery Drivers as "independent contractors" rather than as "employees" is and during all relevant times has been unlawful.

33.     As a result of Defendant's misclassification of the Delivery Drivers as "independent

contractors," Defendant has required and/or knowingly permitted them to work hours considerably in excess of eight hours per day, 12 hours per day, and/or 40 hours per week.  Plaintiffs are informed and believe, and on that basis allege, that it has been Defendant's policy and practice to require and/or knowingly and willfully permit them to work such overtime hours without paying them overtime compensation required by the FLSA and the California Labor Code.

34.     As a result of Defendant's misclassification of the Delivery Drivers as "independent contractors," Defendant has failed to indemnify them for the employment expenses they necessarily incur in performing their assigned job duties for XPO, such as the costs of providing and operating an XPO-approved delivery vehicle, including fuel, maintenance, repair, cleaning, marking, and licensing; XPO uniforms; wages paid to helpers and assistant drivers; insurance, including workers' compensation and employer's liability insurance, automobile liability insurance, general liability insurance, umbrella insurance, and cargo insurance; certain tools and equipment Defendant requires the Delivery Drivers to purchase or rent from its clients; gift cards and other payments made to customers in response to customer complaints; losses associated with lost or damaged merchandise and other property damage; payroll administration services; and the equipment required to perform their duties, including moving pads, dollies, hand tools, and cellular telephones.  Defendant has taken deductions from Delivery Drivers' compensation to cover many of these, and other, employment-related expenses.

35.     As a result of Defendant's misclassification of the Delivery Drivers as "independent contractors," Defendant has failed to provide a 30 minute off-duty meal period to the Delivery Drivers who worked more than five hours in a day.

36.     As a result of Defendant's misclassification of the Delivery Drivers as "independent contractors," Defendant has failed to provide a second 30 minute off-duty meal period to the Delivery Drivers who worked more than 10 hours in a day.

37.     As a result of Defendant's misclassification of the Delivery Drivers as "independent contractors," Defendant has failed to authorize and permit a rest period of ten minutes per every four hours, or major fraction thereof, worked.

38.     As a result of Defendant's misclassification of the Delivery Drivers as "independent

FIRST AMENDED COMPLAINT                                          CASE NO. 16-CV-01231-WHO

1   contractors," Defendant has failed to pay Federal and California minimum wage compensation to

2   the Delivery Drivers for all hours worked.

3       39.    As a result of Defendant's misclassification of the Delivery Drivers as "independent

4   contractors," Defendant has failed to pay to the Delivery Drivers all wages due and owing twice

5   per month at the times prescribed by Cal. Labor Code § 204.

6       40.    As a result of Defendant's misclassification of the Delivery Drivers as "independent

7   contractors," Defendant has failed to itemize the total hours worked on wage statements furnished

8   to the Delivery Drivers as required by Cal. Labor Code §§ 226, 226.3, and Wage Order 9.

9       41.    Plaintiffs are informed and on that basis allege that, as a result of Defendant's

10  misclassification of them as "independent contractors," Defendant has not properly maintained

11  payroll records showing the actual hours the Delivery Drivers worked each day as required by Cal.

12  Labor Code § 1174 and IWC wage order No. 9, § 7(A).

13      42.    As a result of Defendant's misclassification of the Delivery Drivers as "independent

14  contractors," Defendant has willfully and knowingly failed to pay Delivery Drivers, upon

15  termination of employment, all accrued compensation, including reimbursement of all unlawful

16  deductions from wages, payment of missed meal and rest period compensation, and payment of

17  minimum wage and overtime compensation.

18      43.    As a result of Defendant's misclassification of the Delivery Drivers as "independent

19  contractors," Defendant has failed to maintain workers' compensation insurance covering the

20  Delivery Drivers, and instead has required the Delivery Drivers to purchase their own workers'

21  compensation insurance coverage.

22      44.    As a result of Defendant's misclassification of the Delivery Drivers as "independent

23  contractors," Defendant has failed to contribute to the Unemployment Trust Fund on their behalf.

**VI.    CLASS ACTION ALLEGATIONS**

25      45.    Plaintiffs Ron Carter, Juan Estrada, Jerry Green, Burl Malmgren, Bill McDonald,

26  Joel Morales bring a statewide class action on behalf of themselves and all other similarly situated

27  members of the Class who have been similarly deprived of rights under Federal and California law

28  by Defendant in the manner described in this Complaint.  The Class that Plaintiffs seek to represent

- 8 -

is composed of and defined as:

> All persons who are or have operated as a Delivery Driver for Defendant in the State of California under a "Delivery Service Agreement" or a similar written contract that they entered into on behalf of themselves or entities in which they have an ownership interest (referred to as "Delivery Drivers") during the period commencing four (4) years prior to the filing of the Complaint through trial in this action.

This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 and/or California Code of Civil Procedure § 382 because there is a well-defined community of interest in this litigation, the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the Class:

a.  <u>Numerosity</u>: The potential members of the Class are so numerous that their individual joinder in a single action is impossible and/or impracticable. Plaintiffs are informed and believe, and on that basis allege, that Defendant has employed over 200 Delivery Drivers in California who fall within the Class and whose identities may be ascertained from Defendant's records.

b.  <u>Commonality and Predominance of Common Questions</u>: The central questions of law and fact involved in this action are of a common or general interest and those common legal and factual issues predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation, the following:

i.  Whether class members have been misclassified as independent contractors pursuant to XPO's Delivery Service Agreements;

ii.  Whether class members are entitled to the protections of various provisions of the Fair Labor Standards Act as detailed below;

iii.  Whether XPO has violated its legal obligations under various provisions of the Fair Labor Standards Act as detailed below;

iv.  Whether class members are entitled to the protections of various provisions of the California Labor Code as detailed below;

v.  Whether XPO has violated its legal obligations under various

FIRST AMENDED COMPLAINT                              CASE NO. 16-CV-01231-WHO

1   provisions of the California Labor Code as detailed below;

2   vi.   Whether XPO unlawfully failed to provide workers compensation

3   insurance benefits, and unemployment insurance benefits to the class

4   members in violation of Cal. Labor Code §§ 3200 *et seq.* and Cal.

5   Unempl. Ins. Code §§ 100 *et seq.* respectively;

6   vii.   Whether XPO's actions constitute violations of the California Unfair

7   Competition Act;

8   viii.   Whether class members are entitled to injunctive and declaratory

9   relief and an equitable accounting; and

10   c.   Typicality: The claims of the named representative plaintiffs are typical of

11   the claims of the members of the Class.  The named plaintiffs share the same interests as other

12   members of the Class because, like other class members, they have each been misclassified as an

13   Independent Contractor; have been deprived of their legal rights under Federal and California wage

14   and hour laws; have been subjected to XPO's unlawful policies and procedures; and have suffered

15   financial loss of thousands of dollars due to XPO's wrongful misclassification.  Given the

16   significance of the deprivation of their rights, they have the incentive, and are committed, to

17   vigorously prosecute this action.

18   d.   Adequacy of Representation: Plaintiffs will fairly and adequately represent

19   and protect the interests of the class members. They do not have any conflicts of interest with other

20   class members and will prosecute the case vigorously on behalf of the Class.  They have retained

21   competent and experienced counsel who specialize in class action and employment litigation to

22   represent themselves and the proposed class.

23   e.   Superiority of Class Action: A class action is the only realistic method

24   available for the fair and efficient adjudication of this controversy. The expense and burden of

25   individual litigation makes it impracticable for members of the Class to seek redress individually

26   for the wrongful conduct alleged herein. Were each individual member required to bring a separate

27   lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the

28   litigants and the Court and create the risk of inconsistent rulings which would be contrary to the

interest of justice and equity.

## VII.   DAMAGES

46.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiffs and plaintiff class members are owed damages to compensate them for (1) the expenses they necessarily incurred in performing their assigned duties for XPO, including attorneys' fees and costs, and interest at the statutory rate; (2) reimbursement of unlawfully deducted wages plus interest at the statutory rate; (3) reimbursement for coerced purchases; (4) FLSA minimum wage compensation plus liquidated damages and interest; (5) FLSA overtime compensation plus liquidated damages and interest; (6) California minimum wage compensation plus liquidated damages and interest; (7) California overtime wage compensation plus interest; (8) meal period and rest period compensation plus interest; (9) waiting time penalties under Cal. Labor Code § 203; and (10) other statutory penalties, punitive damages, and restitution of money acquired by Defendant by means of its unfair business practices, the precise amount of which will be proven at trial, as well as attorneys' fees and costs.  Plaintiffs and similarly situated misclassified XPO Delivery Drivers are also owed civil penalties and attorneys' fees and costs under PAGA for Defendant's violations of the California Labor Code.

## VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY FLSA OVERTIME COMPENSATION
### (29 U.S.C. § 201, *ET SEQ.*)

47.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief.

48.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]" including Plaintiffs and plaintiff class members.  At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.

49.     The FLSA requires covered employers, such as Defendant, to compensate all non-

FIRST AMENDED COMPLAINT                                      CASE NO. 16-CV-01231-WHO

exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

50.     Plaintiffs and plaintiff class members regularly perform work in excess of forty hours per week and are entitled to overtime compensation for all overtime hours worked.

51.     At all relevant times, Defendant has failed to pay Plaintiffs and similarly situated Delivery Drivers overtime compensation for overtime hours worked.

52.     By failing to compensate Plaintiffs and similarly situated Delivery Drivers at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

53.     Defendant's violations of the FLSA have at all relevant times been willful because, among other reasons, Defendant has known of or shown reckless disregard for the status of these Delivery Drivers as nonexempt employees, and Defendant has had actual and/or constructive knowledge of the Delivery Drivers working hours in excess of forty (40) in a workweek for which they have not been compensated at the rate of no less than one and one-half times their regular rate of pay.

54.     As a direct and proximate result of Defendant's unlawful acts, Plaintiffs and plaintiff class members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime compensation, interest, liquidated damages, and attorneys' fees and costs, as provided by the FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY FLSA MINIMUM WAGE**
**(29 U.S.C. § 201, *ET SEQ.*)**

55.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief.

56.     The FLSA requires covered employees, such as Defendant, to pay all employees, like Plaintiffs and plaintiff class members, the minimum wage for all hours worked irrespective of

FIRST AMENDED COMPLAINT                                          CASE NO. 16-CV-01231-WHO

whether nominally paid on an hourly, piece rate, or any other basis, at the rate of $7.25 per hour.

57.     Defendant failed to pay Plaintiffs and plaintiff class members for all hours worked at the statutory minimum wage rate, as required by law, including for work time spent at mandatory meetings; work time spent waiting to receive assignments and merchandise at Defendant's client's stores; work time spent picking up and transporting "haul away" merchandise; and work time spent returning paperwork to Defendant's client's stores at the end of the workday.

58.     At various times throughout the relevant statutory period, Defendant has caused Plaintiffs and plaintiff class members to incur expenses and deductions that contributed to Defendant's failing to pay minimum wages for all hours worked, as required by law.

59.     By failing to compensate Plaintiffs and plaintiff class members at a rate of not less than $7.25 for each hour worked, Defendant has violated, and continues to violate, the FLSA, 28 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 206(a)(1).

60.     Defendant's violations of the FLSA have at all relevant times been willful because, among other reasons, Defendant has known of or shown reckless disregard for the status of Plaintiffs and plaintiff class members as nonexempt employees, and Defendant has had actual and/or constructive knowledge that the Delivery Drivers were not compensated a minimum of $7.25 for each hour worked.

61.     As a direct and proximate result of Defendant's unlawful acts, Plaintiffs and plaintiff class members have been deprived of minimum wages due in amounts to be determined at trial, and are entitled to additional amounts as liquidated damages, interest, and attorneys' fees and costs, as provided by the FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY CALIFORNIA MINIMUM WAGE
### (CAL. LABOR CODE §§ 1182.11, 1194 *ET SEQ.*; IWC WAGE ORDER NO. 9; MINIMUM WAGE ORDER)

62.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief.

63.     At all times relevant to this complaint, Cal. Labor Code §§ 1182.11, 1182.12, and

1197, IWC wage order No. 9, and the Minimum Wage Order were in full force and effect and required that Defendant's California nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate of $8.00 per hour for work performed up through June 30, 2014 and at the rate of $9.00 per hour for work performed on or after July 1, 2014.

64.     Defendant failed to pay Plaintiffs and plaintiff class members for all hours worked at the statutory minimum wage rate, as required by law, including for work time spent at mandatory meetings; work time spent waiting to receive assignments and merchandise at Defendant's client's stores or warehouses; work time spent picking up and transporting "haul away" merchandise; and work time spent returning paperwork to Defendant's client's stores at the end of the workday.

65.     At various times throughout the relevant statutory period, Defendant has caused Plaintiffs and plaintiff class members to incur expenses and deductions that contributed to Defendant's failing to pay minimum wages for all hours worked, as required by law.

66.     As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiffs and plaintiff class members have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Cal. Labor Code §§ 1194 and 1194.2.

67.     By violating Cal. Labor Code §§ 1182.11, 1182.12, and 1197, IWC wage order No. 9, § 4, and the Minimum Wage Order, Defendant is also liable for civil penalties, interest and reasonable attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, 1197.1.

68.     Plaintiffs request relief as described below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(CAL. LABOR CODE §§ 510, 1194 *ET SEQ.*; IWC WAGE ORDER NO. 9.)**

69.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief.

70.     Defendant has been required, pursuant to Cal. Labor Code § 510 and IWC wage

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

order No. 9, § 3, to pay Plaintiffs and plaintiff class members overtime compensation at a rate of 1.5 times their regular rates of pay for all hours worked in excess of eight in a day and in excess of 40 in a week, and at a rate of two times their regular rates of pay for all hours worked in excess of 12 in a day.

71.     Defendant failed to pay Plaintiffs and plaintiff class members daily or weekly overtime compensation in violation of Cal. Labor Code § 510 and IWC wage order No. 9, § 3.

72.     As a result of Defendant's unlawful acts, Plaintiffs and plaintiff class members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Labor Code § 1194.

73.     By violating Cal. Labor Code § 510, Defendants are liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, and 1197.1.

74.     Plaintiffs request relief as described below.

**FIFTH CAUSE OF ACTION**
**REIMBURSEMENT OF EMPLOYMENT EXPENSES**
**(CAL. LABOR CODE § 2802)**

75.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief.

76.     Cal. Labor Code § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . . [which includes] all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

77.     As a direct consequence of discharging their duties for Defendant and/or obeying Defendant's directions, Plaintiffs and plaintiff class members have necessarily incurred expenses for which they have not been indemnified by XPO, including the purchase and/or lease and depreciation of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of insurance; wages paid to helpers and assistant drivers; costs associated with lost or damaged merchandise and other property damage; XPO proprietary uniforms; certain tools and equipment

Defendant has required Plaintiffs and class members to purchase or rent from XPO's clients; other miscellaneous equipment including moving pads and blankets, dollies, hand tools, installation supplies, GPS navigational equipment, and cellular telephones; fees for payroll administration services; expenses associated with a cash bond or fund Defendant requires Plaintiffs and class members to maintain with a minimum of $5,000 per vehicle "to be used for the adjustment of claims between the parties"; and the attorneys' fees incurred to enforce Plaintiffs' and plaintiff class members' rights under Cal. Labor Code § 2802.

78.     Defendant has failed to indemnify or in any manner reimburse Plaintiffs and plaintiff class members for these expenditures and losses.

79.     By requiring Plaintiffs and plaintiff class members to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendant and/or in obedience of Defendant's direction, Defendant has violated and continues to violate Cal. Labor Code § 2802.

80.     As a direct and proximate result of Defendant's conduct, Plaintiffs and plaintiff class members have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action, which losses are compensable under Cal. Labor Code §2802.

81.     Plaintiffs request relief as described below.

### SIXTH CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM WAGES
### (CAL. LABOR CODE §§ 221 & 223; IWC WAGE ORDER NO. 9)

82.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief.

83.     Cal. Labor Code § 221 provides:  "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

84.     Cal. Labor Code § 223 provides:  "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

1   85.   IWC wage order No. 9, § 8 provides that the only circumstance under which an

2   employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss

3   of equipment is if the employer can show that the shortage, breakage, or loss was the result of the

4   employee's gross negligence or dishonest or willful act.

5   86.   These and related statutes, along with California's fundamental public policy

6   protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated

7   or unpredicted reductions in their wages; making employees the insurers of their employer's

8   business losses; otherwise passing the ordinary business losses of the employer onto the employee;

9   taking deductions from wages for business losses in any form unless the employer can establish

10   that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or

11   taking other unpredictable deductions that may impose a special hardship on employees.

12   87.   Defendant has violated Cal. Labor Code §§ 221 and 223 and IWC wage order No. 9,

13   § 8 by unlawfully taking deductions from Plaintiffs' and plaintiff class members' compensation to

14   cover certain ordinary business expenses of Defendant, including various forms of insurance;

15   uniforms; payment services; equipment and tools; losses associated with lost or damaged

16   merchandise and other property damage; gift cards and other payments given or reimbursed to

17   customers who complain or are dissatisfied with service they received; and "charge-back" items

18   Defendant claims to reserve the right to deduct from Plaintiffs' and plaintiff class members' pay.

19   88.   Defendant has further violated Cal. Labor Code §§ 221 and 223 and IWC wage

20   order No. 9, § 8 by unlawfully taking deductions from Plaintiff's and plaintiff class members'

21   compensation for the purpose of establishing a reserve account to draw upon to cover ordinary

22   business expenses, including compensation to customers complaining of damages to their

23   merchandise or to their homes.

24   89.   Because Defendant made unlawful deductions from Plaintiffs' and plaintiff class

25   members' compensation, they are liable to Plaintiffs and plaintiff class members for the

26   compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor

27   Code §§ 221 and 223 and IWC wage order No. 9, § 8.

28   90.   By unlawfully deducting wages and failing to pay Plaintiffs and plaintiff class

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

1    members, Defendant is also liable for penalties, interest and reasonable attorneys' fees and costs

2    under Cal. Labor Code §§ 218.5 and 1194.

3        91.    Plaintiffs request relief as described below.

**SEVENTH CAUSE OF ACTION**
4    **FAILURE TO PROVIDE MEAL PERIODS**
**(CAL. LABOR CODE §§ 226.7, 512; IWC WAGE ORDER NO. 9)**
5

6        92.    The allegations of each of the preceding paragraphs are realleged and incorporated

7    herein by reference, and Plaintiffs allege as follows a claim of relief.

8        93.    Plaintiffs and plaintiff class members have regularly worked in excess of five (5)

9    hours in a workday without being provided at least a half-hour meal period in which they were

10   relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC Wage Order No.

11   9, § 11(A).

12       94.    Because Defendants failed to provide proper meal periods, they are liable to

13   Plaintiffs and plaintiff class members for one hour of additional pay at the regular rate of

14   compensation for each workday that the proper meal periods were not provided, pursuant to Cal.

15   Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

16       95.    By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11,

17   Defendant is also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code

18   §§ 218.5 and 1194.

19       96.    Plaintiffs request relief as described below.

**EIGHTH CAUSE OF ACTION**
20   **FAILURE TO AUTHORIZE AND PERMIT REST PERIODS**
**(CAL. LABOR CODE § 226.7; IWC WAGE ORDER NO. 9)**
21

22       97.    The allegations of each of the preceding paragraphs are realleged and incorporated

23   herein by reference, and Plaintiffs allege as follows a claim of relief.

24       98.    Plaintiffs and plaintiff class members have regularly worked in excess of four (4)

25   hours in a workday without Defendant's authorizing and permitting them to take at least a ten

26   minute rest period, as required by Cal. Labor Code § 226.7  and IWC wage order No. 9, § 12.

27       99.    Because Defendant failed to authorize and permit proper rest periods, Defendant is

28   liable to Plaintiffs and plaintiff class members for one hour of additional pay at the regular rate of

FIRST AMENDED COMPLAINT          CASE NO. 16-CV-01231-WHO

1    compensation for each workday that the proper rest periods were not authorized and permitted,

2    pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 12(B).

3        100.    By violating Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §11,

4    Defendant is also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code

5    §§ 218.5 and 1194.

6        101.    Plaintiffs request relief as described below.

7                                    **NINTH CAUSE OF ACTION**
                         **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
8                    **(CAL. LABOR CODE §§ 226, 226.3; IWC WAGE ORDER NO. 9)**

9        102.    The allegations of each of the preceding paragraphs are realleged and incorporated

10   herein by reference, and Plaintiffs allege as follows a claim of relief.

11       103.    Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers

12   semi-monthly or at the time of each payment of wages to furnish each California employee with a

13   statement itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code

14   § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement

15   itemizing, among other things, the total hours worked by the employee, then the employee is

16   entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation

17   and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

18       104.    Defendant knowingly and intentionally failed to furnish Plaintiffs and plaintiff class

19   members with timely, itemized statements that accurately report the total hours worked, as required

20   by Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B).  As a result, Defendant is liable to

21   Plaintiffs and plaintiff class members for the amounts provided by Cal. Labor Code § 226(b),

22   including an award of costs and reasonable attorneys' fees.

23       105.    Plaintiffs request relief as described below.

24                                   **TENTH CAUSE OF ACTION**
                                   **WAITING TIME PENALTIES**
25                           **(CAL. LABOR CODE §§ 201, 202, 203)**

26       106.    The allegations of each of the preceding paragraphs are realleged and incorporated

27   herein by reference, and Plaintiffs allege as follows a claim of relief.

28       107.    Cal. Labor Code § 201 requires an employer who discharges a California employee

- 19 -

FIRST AMENDED COMPLAINT                                CASE NO. 16-CV-01231-WHO

1    to pay all compensation due and owing to that employee immediately upon discharge.

2          108.    Cal. Labor Code § 202 requires an employer to pay all compensation due and owing

3    to a California employee who quits within 72 hours of that employee's quitting, unless the

4    employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the

5    end of the employee's final day of work.

6          109.    Cal. Labor Code § 203 provides that if an employer willfully fails to pay

7    compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable

8    for waiting time penalties in the form of continued compensation of up to 30 work days.

9          110.    Defendant willfully failed to timely pay compensation and wages, including unpaid

10    minimum wage, unpaid overtime pay, unreimbursed expenses and unreimbursed reserve accounts,

11    unpaid premium pay for missed meal periods, and unpaid premium pay for missed rest periods to

12    Plaintiffs and similarly situated plaintiff class members no longer in Defendant's employ, upon

13    termination of their employment.  As a result, Defendant is liable to Plaintiffs and similarly

14    situated plaintiff class members for waiting time penalties, together with interest thereon and

15    reasonable attorneys' fees and costs, under Cal. Labor Code §§ 203 and 256.

16          111.    Plaintiffs request relief as described below.

### ELEVENTH CAUSE OF ACTION
**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION ACT**
**(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-17209)**

19          112.    The allegations of each of the preceding paragraphs are realleged and incorporated

20    herein by reference, and Plaintiffs allege as follows a claim of relief.

21          113.    California Business & Professions Code § 17200 prohibits unfair competition in the

22    form of any unlawful, unfair, or fraudulent business act or practice.

23          114.    California Business & Professions Code § 17204 allows "any person acting for the

24    interests of itself, its members or the general public" to prosecute a civil action for violation of the

25    Unfair Competition Law.

26          115.    Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the

27    filing of this action, Defendant committed unlawful, unfair, and/or fraudulent business acts and

28    practices as defined by California Business & Professions Code § 17200, by engaging in the

1    following:

2                   a.      failing to pay federal minimum wage and overtime compensation to

3    Plaintiffs and plaintiff class members as required by the FLSA;

4                   b.      failing to pay California minimum wage and overtime compensation to

5    Plaintiffs and plaintiff class members;

6                   c.      failing to provide adequate off-duty meal periods to Plaintiffs and plaintiff

7    class members, and failing to pay them premium pay for missed meal periods;

8                   d.      failing to authorize and permit adequate rest periods to Plaintiffs and

9    plaintiff class members, and failing to pay them premium pay for missed rest periods;

10                   e.      failing to indemnify Plaintiffs and plaintiff class members for employment-

11   related business expenses and losses;

12                   f.      improperly and unlawfully making deductions from Plaintiffs' and plaintiff

13   class members' compensation to cover certain ordinary business expenses and losses of Defendant,

14   which were not attributable to Plaintiffs' and plaintiff class members' dishonest or willful act, or to

15   their gross negligence, as described above;

16                   g.      improperly and unlawfully demanding a cash bond from Plaintiffs and

17   plaintiff class members, and making deductions from such bonds in violation of the Employee

18   Bond Law, Cal. Labor Code §§ 400-410;

19                   h.      coercing or compelling Plaintiffs and plaintiff class members to patronize

20   Defendant's clients by requiring Delivery Drivers to purchase or rent certain tools and equipment

21   from Defendant's clients, and coercing or compelling Plaintiffs and plaintiff class members to

22   patronize Select Services, Inc., by requiring the Delivery Drivers to purchase payroll

23   administration services from Select Services, Inc., in violation of Labor Code §450;

24                   i.      failing to maintain workers' compensation insurance covering Plaintiffs and

25   plaintiff class members, requiring Plaintiffs and plaintiff class members to purchase workers'

26   compensation insurance for themselves, and failing to pay compensation to Plaintiffs and plaintiff

27   class members injured on the job;

28                   j.      failing to contribute to the Unemployment Trust Fund on behalf of Plaintiffs

FIRST AMENDED COMPLAINT                                          CASE NO. 16-CV-01231-WHO

1  and plaintiff class members;

2       k.    failing to pay all wages due upon termination of employment to Plaintiffs

3  and similarly situated plaintiff class members no longer in Defendant's employ;

4       l.    failing to provide accurate itemized wage statements to Plaintiffs and

5  plaintiff class members;

6       m.    failing to keep accurate payroll records noting the actual hours worked by

7  Plaintiffs and plaintiff class members, in violation of Cal. Labor Code § 1174 and IWC wage order

8  No. 9, § 7(A);

9       n.    failing to pay all wages for labor performed between the 1st and 15th days of

10  the month between the 16th and the 26th day of the month during which the labor was performed,

11  and failing to pay all wages for labor performed between the 16th and the last day of the month

12  between the 1st and 10th day of the following month, as required by Cal. Labor Code § 204.

13       o.    willfully misclassifying Plaintiffs and plaintiff class members as

14  "independent contractors" in violation of the California Employee Misclassification Act, Cal.

15  Labor Code § 226.8;

16       p.    intentionally, recklessly and/or negligently misrepresenting to Plaintiffs and

17  plaintiff class members the true nature of their employment status.

18       116.   The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate

19  acts and practices for purposes of Business & Professions Code § 17200.

20       117.   As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent

21  acts and practices described herein, Defendant has received and continues to hold ill-gotten gains

22  belonging to Plaintiffs and plaintiff class members.  As a direct and proximate result of

23  Defendant's unlawful business practices, Plaintiffs and plaintiff class members have suffered

24  economic injuries including, but not limited to out-of-pocket business expenses, unlawful

25  deductions from compensation, loss of minimum wage and overtime wages, compensation for

26  missed meal periods, compensation for missed rest periods, loss of unemployment insurance

27  benefits, loss of amounts paid into cash bonds and interest thereon, waiting time penalties, and

28  attorneys' fees and costs incurred to enforce their rights, including their rights under Cal. Labor

Code § 2802.  Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid minimum wage and overtime, unpaid compensation for missed meal periods and missed rest periods, unpaid unemployment insurance and workers' compensation premiums, cash bond payments, and interest accrued.

118.    Plaintiffs and plaintiff class members are entitled to restitution pursuant to Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful deductions from compensation, minimum wage, overtime, meal period and rest period compensation, unemployment insurance and workers' compensation premiums, cash bond payments, unpaid waiting time penalties, interest since four years prior to the filing of this action, and attorney's fees and costs Plaintiffs have incurred to enforce these rights, including their rights under Cal. Labor Code § 2802.

119.    Plaintiffs and plaintiff class members are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to Business & Professions Code § 17202.

120.    By all of the foregoing alleged conduct, Defendant has committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 *et seq.*

121.    As a direct and proximate result of the unfair business practices described above, Plaintiffs and plaintiff class members have suffered significant losses and Defendant has been unjustly enriched.

122.    Pursuant to Cal. Business & Prof. Code §17203, Plaintiffs are entitled to:  (a) restitution of money acquired by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against Defendant's continuation of its unfair and unlawful business practices; and (c) a declaration that Defendant's business practices are unfair and unlawful within the meaning of the statute.

123.    Plaintiffs assumed the responsibility of enforcement of the laws and lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil

FIRST AMENDED COMPLAINT                                   CASE NO. 16-CV-01231-WHO

Procedure § 1021.5.

124.    Plaintiffs request relief as described below.

### TWELFTH CLAIM
### LIABILITY FOR CIVIL PENALTIES UNDER PAGA
### (CAL. LABOR CODE §§ 2698 *ET SEQ.*)

125.    The allegations of each of the proceeding paragraphs are realleged and incorporated herein by reference, and Plaintiffs allege as follows a claim for relief on behalf of themselves and on behalf of all similarly situated misclassified Delivery Drivers currently and formerly employed by Defendant XPO.

126.    California Labor Code § 2699 gives any aggrieved employee the right to file an action for civil penalties on behalf of himself or herself and other current or former employees, for the employer's violations of the Labor Code.

127.    It is in the public interest that civil penalties for violations of the Labor Code be assessed and collected by aggrieved employees acting as private attorneys general. Section 1, Stats. 2003, c. 906 (S.B. 796)

128.    By misclassifying Plaintiffs and similarly situated current and former Delivery Drivers as independent contractors, Defendant XPO has violated numerous provisions of the California Labor Code as follows:

a.    Defendant's willful misclassification of Plaintiffs and similarly situated Delivery Drivers as "independent contractors" constitutes a violation of Labor Code § 226.8;

b.    Defendant's failure to pay Plaintiffs and similarly situated Delivery Drivers minimum wage constitutes a violation of Labor Code § 1182.11, 1194, 1194.2, 1197, 1197.1 and IWC Wage Order No. 9;

c.    Defendant's failure to pay Plaintiffs and similarly situated Delivery Drivers any overtime compensation due constitutes a violation of Labor Code §§ 510, 1194 and IWC Wage Order 9;

d.    Defendant's failure to indemnify Plaintiffs and similarly situated Delivery

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

Drivers for all expenses incurred in direct consequence of the discharge of their duties constitutes a violation of Labor Code § 2802;

e.      Defendant's unlawful wage deduction from Plaintiffs and similarly situated Delivery Drivers constitute violations of Labor Code §§ 221 and 223;

f.      By unlawfully requiring Plaintiffs and similarly situated Delivery Drivers to provide a cash bond, Defendant has violated Labor Code §§ 400-410;

g.      By coercing Plaintiffs and similarly situated Delivery Drivers to patronize particular businesses in the purchase of things of value, Defendant has violated Labor Code § 450;

h.      Defendant's denial of meal periods constitutes a violation of Labor Code § 512 and the applicable IWC Wage Order, and Defendant's failure to compensate for such missed meal periods constitutes a violation of Labor Code § 226.7;

i.      Defendant's denial of rest periods constitutes a violation of the applicable IWC Wage Order, and Defendant's failure to compensate for such missed meal periods constitutes a violation of Labor Code § 226.7;

j.      Defendant's failure to provide Plaintiffs and similarly situated Delivery Drivers with accurate itemized wage and hour statements at the time of payment of wages constitutes a violation of Labor Code § 226(a);

k.      Defendant's failure to pay all wages due upon termination or quitting, or within 72 hours of quitting, to Plaintiffs and similarly situated Delivery Drivers no longer in Defendant's employ constitutes a violation of Labor Code §§ 201 and 202;

l.      Defendant's failure to pay all wages for labor performed between the 1st and 15th days of the month, between the 16th and the 26th day of the month during which the labor was performed, and failure to pay all wages for labor performed between the 16th and the last day of the month between the 1st and 10th day of the following month, constitute violations of Labor Code § 204.;

m.      By requiring Plaintiffs and similarly situated Delivery Drivers to purchase

FIRST AMENDED COMPLAINT                                    CASE NO. 16-CV-01231-WHO

workers' compensation insurance on their own behalf, Defendant violated Labor Code §§ 3700, *et seq.*;

129.    Plaintiffs issued written notice, via certified mail, of Plaintiff's intent to seek PAGA penalties pursuant to the aforementioned Labor Code violations, to the Labor and Workforce Development Agency ("LWDA") on March 15, 2016 and to Defendant XPO on May 18, 2016.

130.    The facts and legal theories supporting the claims giving rise to the PAGA claims are the same as pled above and as pled in the original Complaint.

131.    The LWDA declined to issue notice of its intention to pursue civil penalties. Labor Code § 2699.3(a)(2) authorizes Plaintiffs, as a matter of right, to amend the existing complaint to add a claim arising under PAGA within 60 days of the specified time periods. Accordingly, Plaintiffs commence this PAGA claim for civil remedies as provided for under Labor Code § 2699.

132.    Plaintiffs request relief as described below.

## IX.    PRAYER FOR RELIEF

133.    WHEREFORE, Plaintiffs pray for relief as follows:

A.    A declaratory judgment in favor of all Plaintiffs that Defendant has knowingly and intentionally violated the following provisions of law:

1.    FLSA, 29 U.S.C. § 201 *et seq.*, by failing to pay Plaintiffs and plaintiff class members weekly overtime compensation;

2.    FLSA, 29 U.S.C.§ 201 *et seq.*, by failing to pay Plaintiffs and plaintiff class members federal minimum wage for all hours worked;

3.    Cal. Labor Code § 1194 *et seq.*, IWC wage order No. 9, and the Minimum Wage Order by failing to pay Plaintiffs and plaintiff class members minimum wage for all hours worked;

4.    Cal. Labor Code §§ 510, 1194 *et seq.* and IWC wage order No. 9, by failing to pay Plaintiffs and plaintiff class members daily and weekly overtime compensation;

5.    Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, by

- 26 -

failing to provide meal periods to Plaintiffs and plaintiff class members, and by failing to pay Plaintiffs and plaintiff class members premium compensation for their missed meal periods;

6. Cal. Labor Code § 226.7 and IWC wage order No. 9, by failing to authorize and permit rest periods to Plaintiffs and plaintiff class members, and by failing to pay Plaintiffs and plaintiff class members premium compensation for their missed rest periods;

7. Cal. Labor Code § 2802, by failing to indemnify Plaintiffs and plaintiff class members for all necessary business expenses and losses;

8. Cal. Labor Code §§ 221 and 223 and IWC wage order No. 9, by making unlawful deductions from the compensation paid to Plaintiffs and plaintiff class members for ordinary business expenses and losses without a showing that the expenses and/or losses were due to Plaintiffs' and plaintiff class members' dishonest or willful act, or to their gross negligence;

9. Cal. Labor Code §§ 400-410, by unlawfully and improperly demanding a cash bond from Plaintiffs and plaintiff class members, and making deductions from such bonds;

10. Cal. Labor Code § 450, by coercing or compelling Plaintiffs and plaintiff class members to patronize Defendant's client by requiring Delivery Drivers to purchase or rent specified tools and other supplies from Defendant's client and by coercing or compelling Delivery Drivers to patronize Select Services, Inc., by requiring them to purchase payroll administration services from Select Services, Inc.;

11. Cal. Labor Code §§ 3700 *et seq.*, by failing to maintain workers' compensation insurance covering Plaintiffs and plaintiff class

FIRST AMENDED COMPLAINT                              CASE NO. 16-CV-01231-WHO

1      members, requiring Plaintiffs and plaintiff class members to purchase

2      workers' compensation insurance for themselves, and failing to pay

3      compensation to Plaintiffs and plaintiff class members injured on the

4      job;

5      12.    Cal. Unemployment Insurance Code § 976, by failing to contribute to

6      the Unemployment Trust Fund on behalf of Plaintiffs and plaintiff

7      class members;

8      13.    Cal. Labor Code §§ 201-203, by willfully failing to timely pay

9      Plaintiffs and similarly situated plaintiff class members no longer in

10      Defendant's employ compensation and wages - including unpaid

11      minimum wage, unpaid overtime pay, unreimbursed expenses,

12      unpaid premium pay for missed meal periods, and unpaid premium

13      pay for missed rest periods - upon termination, resulting in unpaid

14      waiting time penalties;

15      14.    Cal. Labor Code § 226 and IWC wage order No. 9, § 7(B), by failing

16      to provide Plaintiffs and plaintiff class members with itemized

17      statements of total hours worked with each payment of wages;

18      15.    Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A), by

19      failing to maintain payroll records of the actual hours worked each

20      day by Plaintiffs and plaintiff class members;

21      16.    Cal. Labor Code § 204, by failing to pay all wages for labor

22      performed between the 1st and 15th days of the month between the

23      16th and the 26th day of the month during which the labor was

24      performed, and failing to pay all wages for labor performed between

25      the 16th and the last day of the month between the 1st and 10th day

26      of the following month;

27      17.    Cal. Labor Code § 226.8, by willfully misclassifying Plaintiffs and

28      plaintiff class members as "independent contractors"; and

18. Cal. Business and Professions Code §§ 17200-17208, by committing the unlawful, unfair, and/or fraudulent business acts and practices complained of herein.

B. A declaratory judgment in favor of all Plaintiffs that Defendant's violations as described above were willful;

C. An equitable accounting to identify, locate, and restore to Plaintiffs and plaintiff class members all amounts due and owed as a result of XPO's unlawful misclassification of them, as described herein;

D. An award to all Plaintiffs and plaintiff class members of special and compensatory damages for the violations set forth in Claims 1-9 in the amount of necessary business expenses, unpaid minimum wage and overtime, meal period and rest period compensation, and amounts unlawfully deducted from wages, including prejudgment and post-judgment interest thereon, subject to proof at trial;

E. An award to all Plaintiffs and plaintiff class members of statutory penalties because of Defendant's failure to provide Plaintiffs and plaintiff class members with itemized wage statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

F. Liquidated damages to all Plaintiffs and plaintiff class members for violations of the FLSA, 29 U.S.C. § 201 *et seq.*, and for failure to provide minimum wage in violation of Cal. Labor Code §§ 1194 and 1194.2;

G. An award to Plaintiffs and similarly situated plaintiff class members no longer in Defendant's employ of payments due to them as waiting time penalties, pursuant to Cal. Labor Code § 203;

H. An order requiring Defendant to pay restitution of all amounts owed to all Plaintiffs and plaintiff class members for: (1) Defendant's failure to pay legally required minimum wage (under state and federal law), overtime pay (under state and federal law), meal period pay, rest period pay, and interest thereon; (2) Defendant's failure to provide unemployment insurance and workers' compensation insurance coverage to Plaintiffs and plaintiff class members and instead requiring Plaintiffs and plaintiff class members to purchase workers' compensation

- 29 -

insurance for themselves; and (3) Defendant's failure to indemnify for necessary expenses incurred in discharge of their duties for XPO and for the amounts necessarily incurred to enforce their rights under Labor Code § 2802, including attorneys' fees and costs; bonds unlawfully demanded; and amounts unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

I.      An award of civil penalties to Plaintiffs and plaintiff class members as provided by California Labor Code section 2699;

J.      An award to Plaintiffs of reasonable attorneys' fees and costs, including expert fees, pursuant to 29 U.S.C. § 216; Cal. Code of Civil Procedure § 1021.5; Cal. Labor Code §§ 218.5, 226, 1194, 2699(g), and 2802(b); and/or other applicable law; and

K.      An award to Plaintiffs and plaintiff class members of such other and further relief as this Court deems just and proper.

DATED:  June 8, 2016

LEONARD CARDER, LLP


By   */s/ Beth Ross*
Beth Ross
Jennifer Keating
Amy Endo

*Attorneys for PLAINTIFFS*