UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GARCIA, et al., | Case No. 16-cv-04440-WHO |
| Plaintiffs, | |
| v. | **ORDER RE MOTION FOR COSTS AND FEES** |
| MACY'S WEST STORES, INC., et al., | Re: Dkt. No. 67 |
| Defendants. | |

## INTRODUCTION

Defendants Macy's West Stores, Inc. ("Macy's") and XPO Last Mile, Inc. ("XPO LM") move to recover their attorney fees and costs pursuant to Fed. R. Civ. P. 37 due to named plaintiff Victor Ramirez's failure to appear for his scheduled deposition on October 5, 2017. Defs.' Mot. for Att'y Fees 2 ("Mot.") (Dkt. No. 67). Defendants request a total of $12,145.70: $8,715.00 in attorney fees and $3,430.70 in costs. *Id.* Plaintiffs—acknowledging the deposition was cancelled at the last minute—agree to pay only $1,764.40 in costs on the basis that the additional amounts sought would have been incurred by defendants in any event and forcing plaintiffs' counsel to pay defendants' attorney fees would be unjust. Pls.' Oppo. 2 ("Oppo.") (Dkt. No. 68). I conclude that defendants reasonably incurred a total of $7,511.15 in fees and costs.[1]

---

[1] The hearing on this matter set for November 29, 2017 is VACATED pursuant to Civil Local Rule 7-1(b).

**BACKGROUND**

On July 1, 2016, six plaintiffs filed a punitive class action against defendants Macy's and XPO LM in Alameda Superior Court, asserting causes of action for violations of California Labor Code. Compl. (Dkt. No. 1-1). The action was removed to this Court on August 5, 2016. By agreement of the parties, the depositions of two of the plaintiffs – Mynor Cabrera and Victor Ramirez – were noticed for October 4 and October 5, 2017. Decl. of Adam Lounsbury ¶ 6, Exs. C & D (Dkt. Nos. 67-1, 67-4, 67-5)). According to defendants, "[t]hese two depositions were grouped together, and the remaining plaintiffs would be taken back-to-back, to promote efficiency and reduce the cost of flying Macy's and XPO LM's counsel across the country for depositions." Mot. 4.

Defense counsel Adam Lounsbury flew into San Francisco on October 3, 2017 from Richmond, Virginia to depose Cabrera on October 4 and Ramirez on October 5. Lounsbury Decl. ¶ 10. On October 4, Cabrera was deposed until 4:30 pm, when the deposition ended early due to Cabrera's headache.[2] Later that evening, at 7:14 pm, plaintiffs' attorney, David Tibor sent an email to defense counsel explaining that Ramirez would no longer appear for the deposition the following morning as counsel had just determined that Ramirez did not work at the relevant warehouse during the relevant time period. Lounsbury Decl., Ex. E at 4 (Dkt. No. 67-6); Decl. of Armand R. Kizrian, Ex. 1 at 6 (Dkt. No. 68-1). In response, Lounsbury told Tibor that the last minute cancelation was "completely unacceptable" and that "[p]laintiffs can agree to reimburse XPO and Macy's for the fees and costs associated with this trip or we need to move forward with tomorrow's deposition." Lounsbury Decl., Ex. E at 3; Kizrian Decl., Ex. 1 at 8.

---

[2] According to defendants, the parties planned to finish Cabrera's deposition when the other plaintiffs were to be deposed back-to-back. Mot. 3; Lounsbury Decl. ¶ 11.

Tibor did not respond until 9:17 am the following morning, confirming that the deposition would not occur. Lounsbury Decl., Ex. E at 2-3; Kizrian Decl., Ex. 1 at 10. The court reporter and court interpreter had already arrived for the Ramirez deposition and Lounsbury entered a non-appearance on the record. Lounsbury Decl. ¶ 13. Lounsbury then changed his flight to leave a day earlier than planned and flew back to Virginia on October 5. Lounsbury Decl. ¶ 19 (citing Ex. H (Dkt. No. 67-9).

As a result of the cancellation, the parties met and conferred about what plaintiffs would agree to reimburse defendants for the expenses and time incurred related to the cancelled Ramirez deposition but were unable to agree. Lounsbury Decl., Ex. E at 1-2; Kizrian Decl., Ex. 1 at 12-14. This motion brought by defendants followed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(d)(1)(A)(i) allows a court to impose sanctions upon a party failing to appear for a noticed deposition. Rule 37(d)(3) provides that in addition to or instead of those sanctions, a "court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

## DISCUSSION

Defendants seek reimbursement of $3,430.70 in costs for the following: (i) $421.75 for the court reporter; (ii) $860 for the court interpreter; (iii) $1,196.30 for part of Lounsbury's air travel; (iv) $82.03 for part of Lounsbury's ground transportation; and (v) $870.62 for one half of Lounsbury's three-night hotel reservation. Mot. 5-6. Defendants also seek $8,715.00 in attorneys' fees for 24.9 hours Lounsbury billed at a rate of $350 per hour. *Id.* at 5. I address each request below.

3

## I.       COURT INTERPRETER AND COURT REPORTER

Plaintiffs' counsel agree that they should pay $860 for the court interpreter's reservation and late cancelation fee.  Oppo. 2; Lounsbury Decl., Ex. J (Dkt. No. 67-11).  They object, however, to paying the full $421.75 charged by the court reporter.  Oppo 2; Lounsbury Decl., Ex. I (Dkt. No. 67-10).  They contend that they should pay $310 to cover reserving the court reporters' services but should not have to pay the remainder incurred by defense counsel, marking the non-appearance of Ramirez on the record, because defendants knew Ramirez was not coming.[3]  Oppo. 2.  Defendants respond that confirmation of cancelation was not provided until forty minutes before the deposition was set to start and that both the court reporter and interpreter were already there.  Defs.' Reply 4 (Dkt. No. 69).  Defendants also maintain that a non-appearance was entered on the record to ensure that both the reporter and translator received compensation for their time. *Id.*

It is reasonable to award defendants the full expenses incurred by both the court interpreter and court reporter.  Plaintiffs' counsel shall pay a total of $1,281.75 for both.

## II.      GROUND TRANSPORTATION, AIR TRAVEL, HOTEL

As an initial matter, plaintiffs' object to paying for Lounsbury's travel expenses, arguing that because defendants have a local office and local counsel involved in the case, flying an attorney from Virginia to take the depositions in San Francisco was unnecessary.  Oppo. 4-5.  I agree with defendants that staffing the depositions was their decision to make and the selection of Lounsbury to take the depositions was not unreasonable.

As a fallback position, plaintiffs object to the amount of the travel expenses sought, arguing that most of it would have been incurred in any event because of the Cabrera deposition. Oppo. 5.  Defendants retort that had they known in advance that Ramirez would be withdrawn, they would not have scheduled only the Cabrera deposition and instead grouped the depositions differently.  Reply 4.  Defendants do not provide a declaration to support this point or otherwise

---

[3] It is unclear how plaintiffs' counsel arrive at the $310 figure, as the court reporter's invoice itemizes the fees charged as $310 for a certificate of non-appearance, $9.75 for exhibits, $55 for litigation packet, $12 for parking, and $35 for shipping and handling.  Lounsbury Decl., Ex. I.

explain the basis for the initial grouping.

Defendants request a total of $82.03 to account for half of the cost of Lounsbury's trips from the airport to the hotel, and for the cost of the trip from the hotel to the location of Ramirez's deposition. Mot. 6. Plaintiffs agree to pay $13.99 for the October 5 trip from the hotel to the deposition site (to put the non-appearance on the record), but object to paying the other costs as those would have been incurred in any event for the Cabrera deposition. Oppo. 2. I agree. Defendants are entitled to $13.99.

Defendants contend that plaintiffs should pay for one-half the total amount of a non-refundable three-night stay for Lounsbury's hotel in San Francisco. Mot. 6. Plaintiffs are willing to pay $580.41 for one night as a result of Lounsbury leaving San Francisco one day earlier than planned. Oppo. 2. I agree. Defendants are entitled only to the extra night that was incurred as a result of the then-scheduled Ramirez deposition.

Defendants also request $1,196.30 to reimburse air travel, calculated as 50% of the original round trip air fare of $924.60 plus the $534 increase in flight and $200 service charge when Lounsbury changed his flight to leave a day earlier after the deposition was canceled. Lounsbury Decl. ¶ 19; Mot. 5-6. Plaintiffs object, arguing that the air travel would have been incurred no matter what for the Cabrera deposition. Oppo. 5. I agree that defense counsel are not entitled to reimbursement for the base flight costs, but find they are entitled to the $734 cost difference and service fee from the change in flights.

Defense counsel has failed to adequately show that all the expenses for ground transportation, air travel, and the hotel would not have been incurred but for the canceled deposition given that Cabrera's deposition was also scheduled and partially took place. Plaintiffs' counsel shall pay $580.41 for one-night of the hotel; $13.99 for the ground transportation from the hotel to the location where Ramirez was scheduled to be deposed; and the $734 cost difference and service fee for air fare.

## III. ATTORNEY FEES

Defendants request a total of $8,715 to account for the 24.9 hours of Adam Lounsbury's

time charged at an hourly rate of $350. Mot. 5; Lounsbury Decl. ¶ 17. Lounsbury breaks down his time as follows: (i) 0.6 hours to prepare the deposition notices and in conferring with plaintiffs' counsel regarding the same; (ii) 15.3 hours to prepare for Ramirez's deposition; (iii) 1.3 hours to appear for Ramirez's deposition; and (iv) 7.7 hours to prepare the pleadings in support of the motion for attorney fees. Lounsbury Decl. ¶ 18.

Plaintiffs argue first that an award of any attorney fees is unjust because: (i) plaintiffs did not discover that Ramirez did not work at the Macy's Union City warehouse during the relevant time period until the night before his deposition, attributing this misunderstanding to a language barrier; and (ii) plaintiffs "sought to proceed in the most expeditious manner" upon discovering the issue by cancelling the deposition because "[p]roceeding with the deposition and thereafter opposing a likely summary judgment motion would not have served anyone's interests." Oppo. 2-3. Plaintiffs contend that if they had proceeded with the deposition, defendants would not have been entitled to an award of attorneys' fees following exclusion of Ramirez at the motion for summary judgment stage and that "even though Mr. Ramirez's deposition did not move forward, the practical result is that his suit against XPO is effectively over, and his claims against Macy's are greatly curtailed." *Id.*

The cancellation at such a late date was not substantially justified. Plaintiffs' counsel should have been aware of the issue earlier, especially given their production of documents and provision of discovery responses on behalf of Ramirez.[4]

Plaintiffs suggest that if attorney fees are awarded here, the amount awarded should be reduced from the amount requested. Plaintiffs contend that the 15.3 hours spent preparing for Ramirez's deposition is excessive because some of that time is attributable to preparation for

---

[4] The only case relied on by plaintiffs is readily distinguishable. The court in *Takiguchi v. MRI Int'l, Inc.*, No. 2:13-CV-1183, 2016 WL 259680 (D. Nev. Jan. 20, 2016) declined to award sanctions when one of twenty-five plaintiffs living in Japan failed to appear for two noticed depositions in California. 2016 WL 259680 at *2. Neither dismissal nor monetary sanctions were appropriate because the parties were in the process of negotiating a potential reduction in named plaintiffs, and the defendants "failed to show how they would be prejudiced if [the plaintiff's] deposition is not taken, or is taken at a later date." *Id.*

Cabrera's deposition, given that plaintiffs alleged Cabrera and Ramirez worked out of the same warehouse in the same capacity. Oppo. 4. Plaintiffs counter that five hours is a more appropriate amount of time. *Id.* In response to plaintiff's assertion of inevitable overlap between preparation for Cabrera's and Ramirez's depositions, defendants contend only that "each deposition is unique, and each plaintiff is different." Reply 3. Five hours of preparation time is a reasonable amount of time in light of the overlap.

Plaintiffs also object to the 1.3 hours claimed for making the record of the non-appearance, but I find this amount of time reasonable. Plaintiffs do not object to the request for 7.7 hours spent in preparing this motion. I conclude that 7.7 hours for preparation of the motion and the reply is reasonable and should be compensated.[5]

Plaintiffs' counsel shall pay $4,900 for defense counsel's attorneys' fees to account for 14 hours broken up as: (i) 5 hours to prepare for Ramirez's deposition; (ii) 1.3 hours for appearing for the deposition; and (iii) 7.7 hours for preparation of the motion and reply.

### CONCLUSION

Defendants' Motion for Attorney Fees is **GRANTED** in part and **DENIED** in part. Plaintiffs' counsel shall pay $4,900 for attorney fees and $2,611.15 for expenses incurred as a result of the canceled deposition of Victor Ramirez for a total amount of $7,511.15.

**IT IS SO ORDERED.**

Dated: November 20, 2017

William H. Orrick
United States District Judge

---

[5] I recognize that defense counsel sought 7.7 hours for the preparation of the motion itself, exclusive of time spent on the reply, but 7.7 hours in total is a reasonable amount of time for both given the relatively straight-forward nature of the motion and the lack of extensive legal analysis or research required.

7