UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON CARTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>XPO LOGISTICS, INC,<br><br>    Defendant. | Case No. 16-cv-01231-WHO<br><br>**ORDER RE DISCOVERY DISPUTE OVER DEPOSITIONS**<br><br>Re: Dkt. No. 145 |

        Plaintiffs in this case ask me to limit defendants' ability to notice depositions (as third-party depositions in the related but not consolidated *Garcia* and *Ibanez* cases) of probable members of the prospective *Carter* class, by (i) requiring any such depositions to be cross-noticed in this case so that *Carter* counsel can fully participate, (ii) to limit the number of *Carter* absent class members deposed (by notice in this case or by third-party notice in the *Garcia* and *Ibanez* cases), and (iii) limit the time for those depositions to half-day depositions. Plaintiffs argue that defendants have (pursuant to negotiations and prior Court orders) already secured significant discovery, including depositions, from absent *Carter* class members and that defendants have not sought to secure the additional discovery from *Carter* absent class members through the *Carter* case.

        Defendants agree that the depositions could be cross-noticed in the *Carter* case and agree that the *Carter* counsel can attend (if the deponent agrees) but object to plaintiffs' attempt to preclude defendants from using the depositions available to them (10 depositions, of normal length, in each of the three related cases) as they see fit. Defendants point out that their defense in the *Garcia* and *Ibanez* cases is that the plaintiffs in the *Carter* case are the employers of the prospective class members in the *Garcia* and *Ibanez* cases. Therefore, defendants argue there is nothing impermissible about using the depositions they are entitled to in the *Garcia* and *Ibanez*

United States District Court
Northern District of California

1  cases to depose additional absent class members in the *Carter* case.

2  Having reviewed the parties' arguments, I rule as follows:

3  Any deposition of someone who arguably falls within the definition of the *Carter* class,
4  shall be cross-noticed in the *Carter* case.

5  The *Carter* counsel are entitled to appear and participate in those depositions.

6  The *Carter* counsel may represent any such deponent, but only if the deponent agrees.

7  As with discovery produced by defendants, depositions taken in any of the three related
8  cases may be used in any of the three related cases (assuming admissibility, relevance, etc., are
9  otherwise demonstrated).

10  There is no limit on the time allowed for the depositions covered by this Order. While
11  there is no current indication that defendants intend to abuse this deposition process, if defendants
12  unnecessarily elongate the depositions or otherwise attempt to abuse the deposition process,
13  plaintiffs may seek the Court's intervention to address any such abuse.

14  **IT IS SO ORDERED.**

15  Dated: February 2, 2018

William H. Orrick
United States District Judge